## Case No. 3,632a.

### DAVIS v. The ERIE.

[1 Betts, D. C. MS. 32.]

District Court, S. D. New York. Oct. 2, 1840.

SEAMAN—PERSONAL INJURIES — GRATUITOUS HOSPITAL TREATMENT.

[1. A seaman cannot recover against a vessel for gratuitous hospital treatment for an injury received on board. The right to recover is limited to actual charges and disbursements.]

[2. Nor can he recover for injurious effects still remaining, because of the injury.]

[Libel by Henry Davis against the ship Erie for expense of being cured of an injury.]

A. Nash, for libellant.

Z. Zabriskie, for ship.

BETTS, District Judge. The plaintiff was a seaman on board the ship Erie on a voyage to Havre. Owing to an injury received on board the vessel in the harbor he was taken on shore to the hospital, where he was cured gratuitously, no charge whatever being brought against him or paid by him. He now claims the expense or cost of such cure, and the question submitted to the court is whether he is entitled to recover it from the ship. The law charges upon a ship the expenses incurred by a seaman taken sick or injured in her service. Gardner v. Isaacson [Case No. 5,230]; Harden v. Gordon [Case No. 6,047]. Such lien, however, is only raised in behalf of actual charges and disbursements to which the seaman has been subjected, and, when the relief is bestowed by charity, he cannot make it the foundation of a claim against the vessel. Reed v. Canfield [Case No. 11,641]. Nor is the vessel liable for damages sustained by him consequential

to such sickness or injury. Potter v. Suffolk Ins. Co. [Case No. 11,339]. This general doctrine is not controverted, but it is supposed to have received an application covering this case in a decision rendered in this court in the year 1832 (Robinson v. Gifford [unreported]), and that the court in that case furthermore allowed the seaman $50, the usual surgical charge in case of amputation, in addition to $3 per week, the price of board and attendance in the hospital. I do not find the notes of the reasons upon which the order was founded in that case, but upon turning to the proofs on file I perceive that the hospital opened an account against the seaman, charging $3 per week for board and nursing. This charge was also carried in against the commissioners of the almshouse and was probably satisfied by that board; but it was proved that the hospital and city does not receive and cure seamen gratuitously, and that they are placed in the books on the footing of paying patients. That was an action in personam, and the order might have proceeded upon the legal liability of the seaman to pay the charge of his cure, or upon some recognition of the master of his responsibility therefor to the seaman. I am well persuaded that, whatever special consideration led to that particular decision, the court did not intend thereby to trench upon the rule restricting, in suits in rem by seamen, the recovery for the hospital expenses to the amount of disbursements necessarily made, or to assert the same principle that a seaman could maintain an action against the vessel for his cure, when the cure had been gratuitous. I find nothing in the clerk's report in that case, or the order of the court, respecting an allowance of $50 for the surgeon's bill on amputation. An extra allowance of $20 for counsel fees and expenses was awarded, which imports that the court then considered the claim rightful against the master, and his defence as inequitable.

The present case falls directly within the general rule. The libellant, having been received into the French hospital and cured on charity, cannot maintain an action against the vessel for the value of the nurture and treatment furnished him, nor for any injurious effects still remaining upon his body or constitution because of the injury he had received. His claim is accordingly dismissed.